Missile Systems Corp. of Texas, a Delaware Corporation, formerly known as Gulf Industries, Inc. (Delaware Corporation-2), Transferee v. Commissioner.
Missile Systems Corp. v. Commissioner
Docket No. 94827.
United States Tax Court
T.C. Memo 1964-212; 1964 Tax Ct. Memo LEXIS 125; 23 T.C.M. (CCH) 1276; T.C.M. (RIA) 64212; August 7, 1964
Ethan B. Stroud, 2808 Southland Center, Dallas, Tex., and Jack W. Hawkins, for the petitioner. Robert A. Roberts, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: This proceeding arises from respondent's assertion that Gulf Industries, Inc. (Delaware Corporation-2), as transferee of Gulf Industries, Inc. (Delaware Corporation-1), is liable for an income tax deficiency for the taxable period *126 beginning August 18, 1958, and ending January 31, 1959, in the amount of $77,132.01. Hence the primary issue is whether petitioner is liable as a transferee. Findings of Fact Missile Systems Corp. of Texas (hereinafter referred to as petitioner) is a Delaware corporation, formerly known as Gulf Industries, Inc. (Delaware Corporation-2), having its principal office in Carrollton, Texas. The notice of transferee liability involved herein was mailed to petitioner on July 27, 1961. Gulf Industries, Inc. (hereinafter referred to as Gulf-Texas) was a Texas corporation, organized in 1952 by Waldemar J. Coliz and John Pezzullo for the purpose of engaging in the business of subcontracting machine parts for the major aircraft and instrument manufacturers in the Dallas-Fort Worth, Texas, area. On May 27, 1958, Gulf Industries, Inc., a Delaware corporation (hereinafter referred to as Gulf-Delaware-1) was organized to acquire, and on August 14, 1958, did acquire from Coliz and Pezzullo, all of the stock of Gulf-Texas for a purchase price of $1,200,000. Immediately thereafter, pursuant to an Agreement of Merger dated August 14, 1958, Gulf-Texas was merged into Gulf-Delaware-1 under the *127 corporate laws of the States of Delaware and Texas. On its Federal income tax return for its taxable period August 14, 1958, to January 31, 1959, Gulf-Delaware-1 used as its basis for computing gain on the sale of certain assets, depreciation for beginning inventory and amortization of prepaid expenses, all of which items had been acquired as a result of the acquisition of the stock of and merger with Gulf-Texas, a stepped-up basis arrived at by applying the provisions of section 332(a) and (b) and section 334(b)(2) of the Internal Revenue Code of 1954. Pursuant to an Agreement of Merger dated January 27, 1959, Gulf-Delaware-1 was merged into Hycon Aerial Surveys, Inc., a Delaware corporation, under the corporate laws of the State of Delaware. This agreement of merger contained no agreement on the part of Hycon Aerial Surveys, Inc., to assume or pay any of the liabilities of Gulf-Delaware-1 nor was any ancillary agreement to this effect, either expressed or implied, entered into by the respective corporations in connection with the merger. On or about January 27, 1959, the name of Hycon Aerial Surveys, Inc., was changed to Gulf Industries, Inc. (hereinafter *128 referred to as Gulf-Delaware-2). On March 26, 1960, Missile Systems Corp., a Delaware corporation, acquired all of the stock of Gulf-Delaware-2 and from August 1, 1960, operated this company as its wholly owned subsidiary under the name Missile Systems Corp. of Texas, the petitioner herein. In his notice of transferee liability respondent made the following determinations: [1]
(a) It is determined that Gulf Industries, Inc., (Delaware-1) sold equipment on or about August 21, 1958, at a gain of $133,805.35, rather than a loss of $83,726.89 as reported on its return. (b) It is determined that the basis of assets subject to allowances for depreciation and/or amortization acquired by Gulf-Industries, Inc., (Delaware-1) on or about 8-18-58, is the same in its hands as it was in the hands of Gulf Industries, Inc., (Texas). The deduction claimed for depreciation and amortization is decreased accordingly * * *. (c) It is determined *129 that the inventory acquired on or about August 18, 1958, by Gulf Industries, Inc., (Delaware-1) has the same cost or basis as it had in the hands of Gulf Industries, Inc., (Texas). Therefore the income reported on the tax return is increased by the amount of $24,344.57. (d) It is determined that the prepaid expenses acquired on or about 8-18-1958 by Gulf Industries, Inc., (Delaware-1) have the same cost or basis as they had in the hands of Gulf Industries, Inc., (Texas). Accordingly, the expense deduction claimed on the return is decreased by the amount of $3,684.43. Opinion Respondent contends that as a result of the January 27, 1959, merger between Gulf-Delaware-1 and Hycon Aerial Surveys, Inc., petitioner, as surviving or resulting corporation, is liable as a transferee for the deficiency in income tax determined to be due from Gulf-Delaware-1 for its taxable period beginning August 18, 1958, and ending January 31, 1959. Petitioner maintains that, if as a result of the aforesaid merger it is liable at all, such liability is of a primary nature and not of transferee nature. It is petitioner's position that: A proceeding in this Court is an appeal from the notice of [transferee *130 liability] issued by the Commissioner. The only liability of the petitioner alleged in the notice * * * is the liability as a transferee of assets. Hence this Court only has jurisdiction in this proceeding to determine transferee liability, not to determine the primary liability of petitioner, if any. A corporation's primary liability as the original taxpayer and its liability as a transferee of assets are separate and distinct concepts. The Commissioner may not convert a proceeding as to transferee liability into one for the redetermination of the liability of the petitioner as an original taxpayer. We agree with petitioner. It has now been settled that the question of liability as a transferee is one to be determined under State law. Commissioner v. Stern, 357 U.S. 39 (1958). Both of the corporations involved in the merger of January 27, 1959, were Delaware corporations. Accordingly, the effect of the merger upon the status of the constituent corporations is to be determined under *131 Delaware law. Section 259(a) of the Delaware General Corporation Law [2] (governing status, rights, liabilities, etc., of constituent and surviving corporations following merger or consolidation) provides, in part, as follows: All rights of creditors and all liens upon any property of any said constituent corporations shall be preserved unimpaired, and all debts, liabilities, and duties of the respective constituent corporations shall thenceforth attach to said resulting or surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities, and duties had been incurred or contracted by it. In our judgment the effect of the Delaware statute is the same as that of the New York statute which was before us in Oswego Falls Corporation, 26 B.T.A. 60 (1932), affd. 71 F. 2d 673 (C.A. 2, 1934). In that case the petitioner was the surviving corporation remaining after consolidation of corporations under New York law and against whom transferee liability had been asserted. In holding *132 that the petitioner was not liable as a transferee, we stated: We can reach no other conclusion than that, by the provisions of the New York statute under which it was created, the petitioner corporation was made directly and primarily liable for the debts and obligations of its component corporations, without reference to the value of the assets "deemed" by the statute to have been transferred and that no liability at law as a transferee was thereby imposed on it. If it were liable by virtue of the fact that it had received assets of the component corporation or as a transferee, either at law or in equity, there would be a different liability than "as if the new corporation had itself incurred the obligations or liability to pay such debt * * *." The new corporation may be sued "in the same manner" as the component corporation could have been sued. This indicates a direct statutory liability. In the absence of a provision for the contractual assumption of liability in the merger agreement of January 27, 1959, cf. Texsun Supply Corporation, 17 T.C. 433 (1951), or a separate *133 agreement by petitioner admitting transferee liability, cf. Turnbull, Inc., 42 T.C. - (June 16, 1964), we hold that petitioner is not liable as a transferee for the deficiency which has been determined against Gulf-Delaware-1 for the taxable period beginning August 18, 1958, and ending January 31, 1959. * On August 6, 1960, within 2 years prior to the date of the mailing of the notice of transferee liability involved in this proceeding, petitioner pursuant to a jeopardy assessment made against it as transferee of Gulf-Delaware-1 paid to respondent the sum of $23,160.34. This amount represented an alleged deficiency of $21,474.62 in the Federal income taxes of Gulf-Delaware-1 for the taxable period beginning August 18, 1958, and ending January 31, 1959, plus interest of $1,685.72 upon the alleged deficiency. Since we have held that petitioner is not liable as a transferee of Gulf-Delaware-1 for the taxable period in controversy, it follows that petitioner has overpaid as transferee the amount of $23,160.34 and is entitled to a refund in that amount plus statutory interest thereon. *134 Decision will be entered for the petitioner. Footnotes
1. Each of these determinations is based upon respondent's theory that Gulf-Delaware-1 was not entitled to step up its basis for the assets which it acquired as a result of its merger with and immediate liquidation of Gulf-Texas on August 14, 1958.↩
2. 4 Del. Code Ann. tit. 8, sec 259(a) (1953).↩
*. This paragraph was added by official order of the Tax Court dated November 2, 1964 and signed by Judge Dawson↩.