Mickey L. **WORDEN**; Virginia L. Worden, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent–Appellee.

No. 92–9016.

United States Court of Appeals, Tenth Circuit.

Aug. 30, 1993.

---

**360**

Mickey L. Worden and Virginia L. Worden, pro se.

Michael L. Paup, Acting Asst. Atty. Gen., Bruce R. Ellisen and Roger E. Cole, Attorneys, Tax Div., Dept. of Justice, Washington, DC, for respondent-appellee.

Before LOGAN and BRORBY, Circuit Judges, and BRIMMER, District Judge.[*]

BRORBY, Circuit Judge.

Petitioners Mickey L. Worden and Virginia L. Worden[1] appeal from a decision of the Tax Court affirming the respondent Commissioner of Internal Revenue's determination of federal income tax deficiency for 1982. *See Worden v. Commissioner,* 64 T.C.M. (CCH) 408, 1992 WL 188887 (1992). The Tax Court held that petitioner erroneously failed to include as gross income a number of insurance sales commissions that Federal Home Life Insurance Company reported as having been paid to him in 1982. The court also held that the commissions, which petitioner had waived in contracts with his clients, could not be

deducted from gross income as a business expense because the waiver constituted an illegal payment under I.R.C. § 162(c)(2).[2]

## I

Petitioner owns and operates Oak Tree Insurance Agency, Inc. in Edmond, Oklahoma. Although he primarily sells casualty and property insurance, he occasionally provides life insurance to existing clients. In 1982, petitioner sold six or seven life insurance policies through Federal Home Life Insurance Company. In making those sales, petitioner entered into a contract with each client to serve as an "insurance consultant." Each client signed a consulting agreement, which stated, in pertinent part:

> [the clients] by . . . virtue of this insurance consulting agreement, express our desire to empower Mickey L. Worden, . . . to act as our consultant as related to insurance matters. The consultant . . . will search the market and obtain insurance at the most reasonable rates available, in return for a fee. . . .

Appellant's App. at 189. In fact there was no fee in the sense of monetary reward to petitioner from the initial year's premium. The "fee" paid to petitioner was always the same as the net premium due to the insurer for the first year of coverage after reduction for the commission petitioner would have been entitled to retain. In other words, petitioner provided the first year of coverage "at cost." Petitioner testified that his contract with Federal Home Life allowed him to remit only the "net premium" (gross premium less "basic commission" the company would allow him) for the first year of the policy following the sale. Petitioner stated that the discrepancy between the $17,650.75 he reported on his 1982 return and the $50,410.09 that Federal Home Life reported to the IRS represented "the difference between the net remit-

[*] The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

[1] Virginia L. Worden is a petitioner only because she and Mr. Worden filed a joint return. In this opinion, we will refer to Mr. Worden as the petitioner in the singular.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

ted to the company and what the commission should have been." *Id.* at 58.

Agents of Federal Home Life are entitled to two types of commissions: a "basic commission," which is the difference between the net cost of the insurance and the first year premium, and an "override commission," which is paid if the insured keeps up the payments on the policy for a period of time. On his 1982 tax return, petitioner reported all of the override commissions he received as income, but did not report any basic commissions. Respondent asserted a deficiency, claiming that petitioner's right to receive the basic commissions required him to report them as income, even though he never actually received them.[3]

## II

Petitioner contends that because he never had a right to receive the basic commissions under his contracts with his clients, the commissions are excludable from gross income under I.R.C. § 61(a)(1). In the alternative, he argues that the commissions, if income, are deductible as business expenses under § 162(a).[4] The Tax Court held that the commissions were income and that they could not be deducted as business expenses because Oklahoma's anti-rebate law made them illegal and therefore not deductible under § 162(c) ("Illegal bribes, kickbacks, and other payments").

■ We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a). Thus, we review factual findings under the clearly erroneous standard and legal issues de novo. *See National Collegiate Athletic Ass'n v. Commissioner,* 914 F.2d 1417, 1420 (10th Cir.1990). All the relevant facts are either stipulated or undisputed, so our only issue for review is the legal status of petitioner's unreceived commissions.

■ Gross income includes "all income from whatever source derived." I.R.C. § 61(a). Commissions on insurance premiums are specifically included as income under the accompanying regulations. *See* Treas. Reg. § 1.61–2(a)(1). For a cash basis taxpayer like petitioner, gains must be reported as "gross income for the taxable year in which they are actually or constructively received." *Id.* § 1.451–1(a). Respondent does not argue that petitioner actually received the commissions, so the only question is whether he was in constructive receipt of the commissions for purposes of § 61.

Under the Treasury Regulations, income "not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time." *Id.* § 1.451–2(a). Petitioner's contracts with Federal Home Life and with his clients refute any notion that he was ever in constructive receipt of the commissions. Federal Home Life permitted petitioner to remit only the net premium, although it expected the agent to have retained the difference between the net premium and the retail cost to the client. Under this contract, Federal Home Life never paid any amount to petitioner as a basic commission; its declaration to the IRS represented only the amount it assumed petitioner had kept for himself. Further, petitioner's contracts with his clients specified that the fee they would pay was equal to the net premium passed on to Federal Home Life. Under this arrangement, petitioner paid Federal Home Life exactly the same amount he received from his clients, with no reduction or kickback. He thus contractually waived his right to a commission, and never had either actual or constructive possession of such a commission.

Respondent relies on *Alex v. Commissioner,* 628 F.2d 1222 (9th Cir.1980), in support of its contention that petitioner's voluntary waiver does not exclude the commissions

---

3. The IRS also asserted a deficiency based on payments made to petitioner from a company called Administrative Concepts. Petitioner does not dispute this deficiency assessment.

4. Petitioner also argues that this action is barred by the statute of limitations. This argument, raised for the first time on appeal, will not be considered. *Estate of Quirk v. Commissioner,* 928 F.2d 751, 761–62 (6th Cir.1991).

from gross income. In that case, Alex, an insurance agent, used two (illegal) methods to provide low- or zero-cost life insurance to his clients for the first two years of their policies. Under what the court dubbed the "reimbursement" method,

> the insured would write a check for the amount of the premium payable to Jefferson National Life Insurance Company (Jefferson), Alex's principal, and Alex would write a personal check payable to the insured for the same amount. Jefferson would immediately pay Alex his 90 percent commission and other sums, which he would deposit to make good his own check, which the insured would then deposit to cover his own check. In effect, the insured paid the premium and Alex reimbursed him.

*Id.* at 1224. In that situation, Alex was in actual receipt of the commissions before passing them on to his clients, and the court had no difficulty characterizing the commissions as income. As noted, however, here petitioner contracted away his right to receive a commission, and Federal Home Life never paid him one.

Alex's second method, the "discount" method, is much closer to the situation presented here. If the policy being issued had a large first-year cash value,

> Jefferson did not require direct payment; instead, it permitted an insured to write a check to Alex in the amount of the premium (less the cash value). Alex was then to send his personal check to Jefferson for the small amount equal to the premium less Alex's commission (and the cash value). In fact, the insured never gave Alex any check; Alex financed out of his own pocket his check to Jefferson. Alex's allowance and bonuses, which he received later, more than covered this expenditure.

*Id.* at 1225. In some respects this seems similar to the situation before us, inasmuch as the agent did not collect the commission from the client. Nevertheless, as the Tax Court decision in *Alex v. Commissioner*, 70 T.C. 322, 1978 WL 3270 (1978), clarifies, the agent took a note from his clients for the amount of the commission (which he would collect only under certain circumstances), obtained office allowances and production or persistency bonuses from the company based upon the gross premiums, *id.* at 323, and reported the gross commissions as income in his tax returns, deducting the discounts as "cost of goods sold and/or operations." *Id.* at 324. These are substantial differences from the case before us. Nevertheless, to the extent either the Ninth Circuit or the Tax Court *Alex* opinions contain language that would hold that "waived" commissions never issued by the insurer nor received by the agent constitute gross income, we disagree. The petitioner before us never had any right to the commissions under his contracts, and therefore the phantom income from those transactions cannot be imputed to him.

■ It makes no difference, in our view, whether what petitioner did here was legal under state law. Illegal income is taxable; only illegal deductions are prohibited under I.R.C. § 162(c). Here petitioner structured the transactions with his clients so that he never earned, had any entitlement to, nor received any sum representing the "basic commission" upon which respondent would have him pay taxes. If Federal Home Life Insurance Company changes its contract to make petitioner remit to it the whole and not the net premium, then we might have a different case. But we see no difference between the instant case and one in which a real estate broker cuts his normal agent's commission to make a sale of real property.

The decision of the Tax Court is REVERSED, except for the portion sustaining the deficiency assessed as a result of the Administrative Concepts report, and the cause REMANDED for further proceedings consistent with this opinion.