MICKEY L. AND VIRGINIA L. WORDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Worden v. Commissioner
Docket No. 34033-87
United States Tax Court
T.C. Memo 1994-193; 1994 Tax Ct. Memo LEXIS 184; 67 T.C.M. (CCH) 2835; April 28, 1994 Filed *184 An appropriate order will be issued denying Petitioner's Motion to Dismiss. Mickey L. Worden, pro se. For respondent: Donald E. Edwards. WHALEN
WHALEN
SUPPLEMENTAL MEMORANDUM OPINION WHALEN, Judge: This case is before the Court to decide Petitioners' Motion to Dismiss on the ground that assessment of the subject deficiency for 1982 is barred by the period of limitations on assessments set forth in section 6501(a). Petitioners filed their motion after the United States Court of Appeals for the Tenth Circuit partially reversed our opinion, filed at T.C. Memo. 1992-447, and remanded the case to us for further proceedings in accordance with that court's opinion, Worden v. Commissioner, 2 F.3d 359, 362 (10th Cir. 1993). Petitioners' motion is the first time that they have raised before this Court the question of whether respondent's notice of deficiency was issued after the expiration of the period of limitations on assessments. For the reasons set forth below, we deny petitioners' motion. Background Our initial opinion in this case, filed at T.C. Memo. 1992-447, dealt with two adjustments to *185 petitioners' taxable income for 1982. In the first adjustment, respondent increased petitioners' taxable income in the amount of $ 693.03, based upon information received from a company, Administrative Concepts, that it had paid nonemployee compensation to Mr. Worden in the amount of $ 2,152, or $ 693.03 more than the amount reported on petitioners' Schedule C. We sustained respondent's determination as to that adjustment because petitioners offered no evidence to show that respondent's determination was incorrect. The second adjustment involved Mr. Worden's commissions from the sale of certain life insurance policies on behalf of Federal Home Life. That company had reported paying nonemployee compensation to Mr. Worden in the amount of $ 50,410.09, or $ 32,759.34 more than the amount reported on petitioners' Schedule C. We sustained respondent's determination as to that adjustment because we agreed with respondent that petitioner was required to include in income the entire commission that he became eligible to receive from the company even though petitioner had agreed with his customers to discount the cost of each of the policies by the amount of the so-called basic commission. *186 We also agreed with respondent that such premium discounts are not deductible under section 162(a) because they constituted "other illegal payments" described by section 162(c)(2). On appeal to the United States Court of Appeals for the Tenth Circuit, petitioners did not dispute the deficiency to the extent it is based upon the increase in taxable income attributable to the Administrative Concepts adjustment, described above. Petitioners argued before the Court of Appeals, as they had before this Court, that the so-called basic commissions to which Mr. Worden became entitled under his contract with Federal Home Life are excludable from gross income under section 61(a)(1) or, in the alternative, were deductible as business expenses under 162(a). Petitioners also argued for the first time that respondent's notice of deficiency was issued after the expiration of the period of limitations on assessment set forth in section 6501(a). The Court of Appeals reversed our decision, "except for the portion sustaining the deficiency assessed as a result of the Administrative Concepts report", 2 F.3d at 362, and remanded the case for further proceedings in accordance *187 with its opinion. The Court of Appeals held that petitioner was not in constructive receipt of the "basic commissions" to which he became eligible from Federal Home Life because under his contracts with his clients he "contractually waived his right to a commission". Id. at 361. As a result of his agreement with his customers, the Court of Appeals found that "The petitioner * * * never had any right to the commissions under his contracts, and therefore the phantom income from those transactions cannot be imputed to him." Id. at 362. Because the Court of Appeals held that the basic commissions are not includable in petitioners' income, it was not necessary for the court to determine whether such amounts constituted illegal payments for which deductions are prohibited under section 162(c). The Court of Appeals also rejected petitioners' argument that the deficiency was barred by the statute of limitations and noted that an "argument, raised for the first time on appeal, will not be considered." Id. at 361 n.4 (citing Estate of Quirk v. Commissioner, 928 F.2d 751, 761-762 (6th Cir. 1991), *188 affg. T.C. Memo. 1988-286). After receiving the case on remand, we directed the parties to submit a decision, in conformity with the mandate of the United States Court of Appeals for the Tenth Circuit, or to advise this Court of any further proceedings that might be necessary. Pursuant thereto, petitioners filed the subject Petitioners' Motion to Dismiss in which they raise, for the first time in this Court, the contention that respondent's notice of deficiency was issued after the period of limitations on assessments set forth in section 6501(a). Petitioners make the following assertion in their motion: In this case the Respondent initially assumed that he [sic] could rely upon the determination that the understatement of tax was greater than 25% thereby extending the statute of limitation to six years. See Section 6501(e)(1)(A). However, this was dealt with in the opinion of the Tenth Circuit when it determined the Tax Court erred; specifically finding that the alleged monies from Home Federal Life could not be included in gross income. Based upon the above factual premise, petitioners assert that respondent failed to issue a notice of deficiency *189 within the period of limitations on assessments set forth in section 6501(a). Petitioners assert that the legal result of this "is to deny the Tax Court jurisdiction to determine the correctness of the Commissioner's determination of additional liability." Discussion In general, the issuance to the taxpayer of a valid notice of deficiency is a prerequisite to vest this Court with jurisdiction to redetermine a deficiency determined in the notice. Sanderling, Inc. v. Commissioner, 571 F.2d 174, 176 (3d Cir. 1978), affg. and modifying 66 T.C. 743 and 67 T.C. 176 (1976); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Stamm Intl. Corp. v. Commissioner, 84 T.C. 248, 252 (1985). We will dismiss a petition for redetermination of a deficiency for lack of jurisdiction if we find that the notice of deficiency is invalid. For example, this and other courts have held notices of deficiency to be invalid and have dismissed petitions for lack of jurisdiction where the notice of deficiency was not sent to the taxpayer's "last known address" and was *190 not received by the taxpayer in sufficient time to file a timely petition, e.g., Monge v. Commissioner, supra (see generally Frieling v. Commissioner, 81 T.C. 42, 49 (1983)), where the notice of deficiency showed, on its face, that no determination had been made as required by section 6212(a), Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), and where the notice of deficiency was a duplicate notice issued in violation of section 6212(c), Stamm Intl. Corp. v. Commissioner, supra.
The fact that a notice of deficiency is issued after the expiration of the period of limitations on assessments set forth in section 6501(a) is a bar to assessment and collection of the deficiency determined in the notice. See Miami Purchasing Serv. Corp. v. Commissioner, 76 T.C. 818, 823 (1981); Robinson v. Commissioner, 57 T.C. 735, 737 (1972). That fact, however, does not render the notice of deficiency invalid and, accordingly, does not go to the jurisdiction *191 of the Court. United Business Corp. of America v. Commissioner, 19 B.T.A. 809, 831-832 (1930) ("the proposition that a statute of limitations is a defense in bar and not a plea to the jurisdiction would seem to require no citation"), affd. 62 F.2d 754 (2d Cir. 1933); Vrooman v. Commissioner, T.C. Memo. 1992-149; Gaviola v. Commissioner, T.C. Memo. 1986-349; see also Spielberger v. Commissioner, T.C. Memo. 1989-444. Rather, the bar of the expiration of the period of limitations is an affirmative defense which must be specifically pleaded and proved by the taxpayer. E.g., Rule 39, Tax Court Rules of Practice and Procedure; Mecom v. Commissioner, 101 T.C. 374, 382 (1993); Winnett v. Commissioner, 96 T.C. 802, 806 (1991); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240-241 (1990); Coleman v. Commissioner, 94 T.C. 82, 89-90 (1990); Adler v. Commissioner, 85 T.C. 535, 540 (1985); *192 Robinson v. Commissioner, 57 T.C. 735, 737 (1972); United Business Corp. of America, supra at 831; Adair v. Commissioner, T.C. Memo. 1986-137; Shopsin v. Commissioner, T.C. Memo. 1984-151, affd. without published opinion 751 F.2d 371 (2d Cir. 1984); see also United States v. Gurley, 415 F.2d 144, 147 (5th Cir. 1969). It is clear from section 7459(e) that the expiration of the period of limitations on assessment is a defense in bar and not a plea to the jurisdiction of the Court. See United Business Corp. of America v. Commissioner, supra at 832. Section 7459(e) provides as follows: SEC. 7459(e). Effect Of Decision That Tax Is Barred By Limitation. -- If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect of such tax. Thus, a decision of the Tax Court dismissing a case on the ground that assessment of the tax is barred by the period of limitations *193 on assessment and collection set forth in section 6501(a) is treated under section 7459(a) as a decision on the merits of the case and not as a dismissal for lack of jurisdiction. In this case, petitioners failed to raise the affirmative defense of the expiration of the period of limitations on assessments until after appeal. Contrary to Rule 39, this defense was not pleaded or proved at trial, and the record does not contain the facts necessary to dispose of this issue. We have often refused to consider an affirmative defense raised after trial. See, e.g., Winnett v. Commissioner, supra at 809; Sundstrand Corp. & Subsidiaries v. Commissioner, 96 T.C. 226, 349 (1991). We see no reason to reach a different result here. For the foregoing reasons, An appropriate order will be issued denying Petitioner's Motion to Dismiss.