**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE CORDES, INC., Transferee,

　　　Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　Respondent - Appellee.

No.　02-9003
T.C. No. 18131-98

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

　　　After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1997, Cordes Finance Corp., an Oklahoma corporation, was merged into petitioner Eddie Cordes, Inc., also an Oklahoma corporation. In this action, petitioner challenges the decision of the United States Tax Court holding petitioner liable as a transferee under 26 U.S.C. § 6901 for the tax assessment of Cordes Finance Corp. for its 1990 taxable year. Because the Tax Court correctly found petitioner to be a transferee as a matter of law, we affirm.

We review de novo the legal determination of the Tax Court made on fully stipulated facts. *Worden v. Comm'r*, 2 F.3d 359, 361 (10th Cir. 1993). Section 6901 provides that "the liability, at law or in equity, of a transferee of [a taxpayer's] property" shall "be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." 26 U.S.C. § 6901. The term "transferee" includes the successor of a corporation. Treas. Reg. § 301.6901-1(b).

The Tax Court held that because petitioner's liability arose from its contractual obligations under the merger agreement, it was liable as a transferee at law. We agree. In the merger agreement, petitioner expressly agreed to be liable and responsible for all the liabilities and obligations of itself and Cordes Finance Corp. *See* U.S. Tax Court Exs., Agreement and Plan of Merger at ¶ 1.4. "Where a statutory merger has occurred in which the transferee, as the surviving

corporation, expressly or impliedly agrees to assume the liabilities of the merged corporation, the survivor is liable as a transferee at law, for the income tax liability of the merged corporation for periods prior to the transfer." *Harder Servs., Inc. v. Comm'r*, 67 T.C. 585, 598 (1976) (footnote omitted). Because petitioner expressly assumed the liabilities of Cordes Finance Corp., the Tax Court correctly concluded that it is liable as a transferee at law under § 6901. [1]

In its brief to this court, petitioner advances three propositions with which neither respondent nor we disagree: that the existence of transferee liability in this case is a matter of Oklahoma law; that § 6901 does not impose substantive liability on a transferee but merely provides a means of collecting tax liability of another entity from a transferee; and that it is respondent's burden to show that petitioner is liable as a transferee of property.

The remainder of petitioner's brief is devoted to its argument that, while it may be directly liable for the taxes by operation of state law relative to corporate mergers, it is not liable as a transferee. We agree with respondent that this issue

---

[1] The presence of an express agreement to assume the liabilities of Cordes Finance Corp. distinguishes this case from *Missile Systems Corp. of Texas v. Commissioner*, 23 T.C.M. (CCH) 1276, 1964 WL 1032 (1964). Additionally, the Tax Court has rejected petitioner's argument that it cannot be both directly liable and also liable as a transferee. *S. Pac. Transp. Co. v. Comm'r*, 84 T.C. 387, 394-95 (1985).

was not raised to the Tax Court.  We have thoroughly examined the record in this case and can find no specific mention of this argument.

While in its trial memorandum petitioner listed the issues as whether it is liable as a transferee and, if so, the extent of that liability, R. doc. 15 at 1, petitioner had earlier conceded that it was the transferee of Cordes Finance Corp. In its synopsis of legal authorities, petitioner argued only that its liability as a transferee was limited to the value of the assets it received.  *Id.* at 2.  The Tax Court in its memorandum opinion stated the sole issue for decision as "whether the transferee liability of petitioner . . . is limited to the value of the assets it received in the merger."  R. doc. 21 at 2.

This court will not consider a new theory on appeal, even one "that falls under the same general category as an argument presented at trial or . . . a theory that was discussed in a vague and ambiguous way" at trial.  *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) (quotation omitted), *op. am. on other grounds,* 103 F.3d 80 (10th Cir. 1996). "[T]o preserve the integrity of the appellate structure, we should not be considered a 'second shot' forum . . . where secondary, back-up theories may be mounted for the first time."  *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (quotation omitted).  Petitioner was obligated by our Rule 28.2(C)(2) to precisely identify the reference in the record where this

-4-

particular issue was raised and ruled on. Because petitioner has failed to comply with this rule, it has waived appellate consideration of this argument.

The judgment of the United States Tax Court is AFFIRMED.


Entered for the Court


David M. Ebel
Circuit Judge