T.C. Memo. 2008-256

UNITED STATES TAX COURT

RONALD D. FISHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24062-07.                    Filed November 17, 2008.

<u>Phillip H. Hamilton</u> and <u>Ebony R. Huddleston</u>, for petitioner.

<u>James A. Kutten</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Year 2000.  We decide whether we have jurisdiction over an overpayment, properly before the Court under section 6512(b),[1] after respondent has conceded the fraud penalty

_____

[1]All section references are to the Internal Revenue Code in
                                                    (continued...)

that justified the unlimited limitation period under section 6501(c) and the regular 3-year limitations period has expired.[2] We conclude that we have jurisdiction to decide the case on the merits, including a determination concerning the amount of any overpayment for 2000.

FINDINGS OF FACT

Petitioner resided in Illinois at the time he filed the petition. Petitioner submitted a Form 1040, U.S. Individual Income Tax Return, for 2000 on August 10, 2001, before the extended due date and then timely filed a Form 1040X, Amended U.S. Individual Income Tax Return, claiming a $2,223 refund for 2000.

Respondent issued petitioner a deficiency notice for 2000, 2003, and 2004 on September 24, 2007. Respondent determined an $11,994 deficiency in petitioner's Federal income tax for 2000, a $25,020 deficiency for 2003, and an $82,099 deficiency for 2004. Respondent also determined an $8,130 fraud penalty under section 6663 for 2000, an $18,765 fraud penalty for 2003, and a $61,574.25 fraud penalty for 2004. In determining the fraud penalty for 2000, respondent relied on the extended limitations period under section 6501(c) for false and fraudulent returns.

---

[1](...continued) effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Tax may be assessed at any time in the case of a false and fraudulent return filed with the intent to evade tax. Sec. 6501(c).

Further, respondent denied petitioner's timely refund claim for 2000 stating that, if petitioner contested the determinations in the deficiency notice with this Court, he should include his refund claim in the petition.

Petitioner timely filed a petition for redetermination. Petitioner asserted that respondent erred in determining deficiencies and fraud penalties for 2000, 2003, and 2004 and in disallowing his refund claim for 2000.

Respondent conceded the fraud penalties and asserted in his answer that the limitations period for 2000 expired before the deficiency notice was issued. He then brought the motion to dismiss for lack of jurisdiction and to strike as to taxable year 2000, stating that this Court does not have jurisdiction over 2000 because the deficiency notice was issued after the limitations period expired. Respondent failed to provide any legal authority supporting his motion, and petitioner objected, asking the Court to deny respondent's motion and find that we have jurisdiction to determine the amount of overpayment for 2000.

                              OPINION

The parties agree that the regular 3-year limitations period under section 6501(a) for assessing a deficiency for 2000 expired before respondent issued the deficiency notice. The parties disagree, however, whether this Court has jurisdiction to decide the merits of petitioner's claim for an overpayment. We hold that we have jurisdiction in this case under section 6512(b) and

that we do not lose jurisdiction simply because respondent conceded the fraud penalty that justified the unlimited limitations period.

We shall begin by describing the general principles of our jurisdiction. This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We have jurisdiction to redetermine a taxpayer's Federal tax liabilities in a deficiency proceeding where the Commissioner has issued a valid deficiency notice and the taxpayer has timely filed a petition. Secs. 6212 and 6213; Rule 13(a), (c); Gustafson v. Commissioner, 97 T.C. 85, 89 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989). We must dismiss a case in which there is no valid deficiency notice. Monge v. Commissioner, supra at 27. Respondent does not dispute that the deficiency notice is valid.[3] Accordingly, petitioner properly invoked our jurisdiction by timely filing a petition for redetermination of a deficiency under section 6213(a).

Once we acquire jurisdiction to redetermine a deficiency, we also have jurisdiction to determine the amount of any overpayment of the same tax for the same taxable period.[4] Sec.

---

[3]The expiration of the sec. 6501(a) limitations period before the mailing of the deficiency notice does not go to the jurisdiction of this Court. United Bus. Corp. of Am. v. Commissioner, 19 B.T.A. 809, 831-832 (1930), affd. 62 F.2d 754 (2d Cir. 1933).

[4]There are certain exceptions, not relevant here, to our jurisdiction under sec. 6512(b). See sec. 6512(b)(3) and (4).

6512(b); Russell v. United States, 592 F.2d 1069, 1071 (9th Cir. 1979); Naftel v. Commissioner, supra at 531. This jurisdiction is limited to the same taxable year or years represented in the deficiency notice and for which the taxpayer has timely filed a petition for redetermination. Sec. 6512(b)(1),(3). These provisions generally ensure that, where the taxpayer has timely filed a tax return and a deficiency notice has been issued, the taxpayer can obtain a refund of any overpayment of tax. Commissioner v. Lundy, 516 U.S. 235, 244 (1996). Petitioner met the section 6512(b) jurisdictional requirements when he timely filed the petition with this Court.[5] Accordingly, we conclude that this Court had jurisdiction, at the time petitioner filed the petition, to determine whether there was a deficiency for 2000 and whether there was an overpayment for 2000.

We now consider whether subsequent acts cause us to lose jurisdiction over a claim for an overpayment. Generally, our jurisdiction, once invoked, remains unimpaired until the controversy is decided. Freytag v. Commissioner, 110 T.C. 35, 39 (1998); Coninck v. Commissioner, 100 T.C. 495, 498 (1993); Naftel v. Commissioner, supra at 529-530. Respondent contends, however, that even though we originally had jurisdiction to determine the amount of any deficiency or overpayment for 2000, we lost jurisdiction when he conceded the fraud penalty that justified

_____

[5]The look-back rules of sec. 6512(b)(3) do not pose a jurisdictional hurdle as petitioner timely filed a return and refund claim and respondent did not disallow the refund claim before issuing the deficiency notice.

the extended limitations period for the assessment of a deficiency under section 6501(c).  We disagree.

Our jurisdiction is based on the snapshot in time when petitioner timely filed the petition.  We have determined that, at that time, petitioner met all the jurisdictional requirements of section 6512(b).  Respondent's subsequent concession of the fraud penalty, which resulted in a bar to assessment for 2000, does not cause us to lose jurisdiction because our jurisdiction does not depend on respondent's ability to assess a deficiency.  See United Bus. Corp. of Am. v. Commissioner, 19 B.T.A. 809 (1930), affd. 62 F.2d 754 (2d Cir. 1933); Worden v. Commissioner, T.C. Memo. 1994-193.  The statute of limitations is an affirmative defense, and its application does not pose a jurisdictional question when an overpayment claim is properly before the Court.  Mackey v. Commissioner, T.C. Memo. 1991-149.

We conclude that when we have jurisdiction under section 6512(b) over a claim for an overpayment, we do not lose that jurisdiction when the Commissioner subsequently concedes the fraud penalty and argues that the normal 3-year limitation period bars assessment of a deficiency.  Accordingly, we will deny respondent's motion to dismiss for lack of jurisdiction and to strike as to 2000.

To reflect the foregoing,

An appropriate order will
be issued.