AMA ENTERPRISES, INC., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
AMA Enters. v. Comm'r
Docket No. 23168-10X
United States Tax Court
2011 U.S. Tax Ct. LEXIS 66; 2013-1 U.S. Tax Cas. (CCH) P50,380; June 29, 2011, Decided
*66 Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER
Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is
ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial of the above case before Special Trial Judge Lewis R. Carluzzo at Los Angeles, California, on May 18, 2011, containing his oral findings of fact and opinion rendered at the conclusion of trial.
In accordance with the oral findings of fact and opinion, an appropriate order will be entered granting respondent's motion and dismissing this case for lack of jurisdiction.
/s/ Lewis R. Carluzzo
Special Trial Judge
Dated: Washington, D.C.
June 29, 2011
THE COURT: The Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion.
Section references contained in this bench opinion are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period. Rule references are to the Tax Court Rules of Practice and Procedure.
By Order dated February 22, 2011, this section 7428(a) proceeding was assigned for a designated purpose *67 pursuant to the provisions of section 7443A(b)(1), and was conducted in accordance with Rules 180, 181, and 182. This bench opinion is made pursuant to the authority granted by section 7459(b) and Rule 152.
This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 8, 2010. Respondent's motion is based upon the ground that petitioner lacked the capacity to initiate this case at the time the petition was filed and for the entire period described in section 7428(b)(3). See Rule 60(c). Petitioner's opposition to respondent's motion was filed January 3, 2011, and supplemented on January 13, 2011. Respondent's response to petitioner's opposition, as supplemented, was filed February 14, 2011. A hearing was conducted on respondent's motion on May 11, 2011, in Los Angeles, California. Mark A. Weiner appeared on behalf of respondent and argued in support of the motion. Kenneth D. Sisco appeared on behalf of petitioner and argued in opposition to it.
The facts giving rise to the jurisdictional issues raised in respondent's motion are neither disputed nor complicated.
Petitioner was incorporated in California on or about September 11, 2000. As a California *68 corporation, its corporate "powers, rights, and privileges" were suspended by the California Franchise Tax Board on or about September 1, 2004 (the suspension date). Ultimately, petitioner's "powers, rights, and privileges" were restored, or "revived", on or about January 13, 2011 (the revival date).
Between the suspension date and the revival date the following relevant events occurred: (1) Respondent issued to petitioner a final adverse determination letter, dated September 3, 2010, notifying petitioner that its status as a section 501(c) organization was revoked (the notice); and (2) in response to the notice on October 19, 2010, a petition was filed in which petitioner challenges respondent's determination.
As in other types of cases justiciable in this Court, a timely petition is a jurisdictional requisite in a section 7428(a) proceeding. See Rule 210(c); CRSO v. Commissioner, 128 T.C. 153, 156 (2007); Metropolitan Community Service, Inc. v. Commissioner, T.C. Memo. 1987-240. The petition in this case was filed within the period prescribed by section 7428(b)(3), and it is clear that but for respondent's challenge to petitioner's capacity, the petition was timely and we would have *69 jurisdiction in this case. According to respondent, however, the timely petition filed in this case is a nullity because at the time it was filed petitioner's "powers, privileges, and rights", including the right to initiate or defend litigation, were suspended. According to respondent, because of the suspension, the petition was not filed by a person who was authorized to do so. See Rule 60.
The parties agree that the capacity of a taxpayer to initiate a proceeding in this Court is determined under State law, and they further agree that California law controls. At the time the petition was filed, petitioner's "powers, rights, and privileges" were suspended by the California Franchise Tax Board, and the suspension continued until a date outside of the relevant period prescribed in section 7428(b)(3) with respect to the notice. According to respondent, this is fatal to the Court's jurisdiction. According to petitioner, the revival of its "powers, rights and privileges" even though outside of the period prescribed in section 7428(b)(3) allows for jurisdiction because the requirement of a timely petition in a section 7428(a) case is properly considered a "procedural" requirement, rather *70 than a "substantive" one. See, e.g. Page v. Children's Council, No. C06-3268 (N.D. Cal. Sept. 11, 2006). Respondent disagrees and so do we.
This is not the first time this Court has been presented with a question regarding our jurisdiction in a case initiated by a California corporation whose "powers, rights and privileges" were suspended at the time the petition was filed. In David Dung Le. Inc. v. Commissioner, 114 T.C. 268 (2000), affd 22 Fed. Appx. 837, 88 A.F.T.R. 2d 2001-7347 (9th Cir. 2001), we held that we lacked jurisdiction in a section 6213(a) proceeding under circumstances virtually identical to the circumstances here.
Similar to the taxpayer in David Dung Le. Inc., petitioner's corporate powers were restored while the case was pending, but only after the statutory period prescribed for filing the petition had expired. We held that the subsequent revival, however, did not cure the jurisdictional defect. We realize that the statutory basis for our jurisdiction in David Dung Le. Inc., that is section 6213(a), is different from the statutory basis for our jurisdiction here, but otherwise we can see no meaningful distinction between the facts in David Dung Le, Inc. and the facts of this case as *71 far as our jurisdiction is concerned. Nor can we see any reason why the results between that case and this case should not be consistent.
Filing a petition in a section 7428(a) proceeding within the period set forth in section 7428(b)(3) is a jurisdictional requirement and not, as petitioner suggests, a procedural one. Let's go off the record for a minute.
(Whereupon, a short recess was taken.)
THE COURT: As we have noted in Fisher v. Commissioner, T.C. Memo. 2008-256, questions of our jurisdiction are resolved by a "snapshot in time" as of the date the petition was filed. The snapshot in time applicable here is the period from September 3, through and including December 2, 2010. Petitioner did not possess the capacity to commence, authorize the commencement, or ratify the commencement of this case during that period. Furthermore, the revival of its corporate powers did not retroactively resurrect its authority to have performed any of those acts. Because a timely petition was not filed by a person with the capacity to do so during the requisite filing period, it follows that we have no jurisdiction in this case.
To reflect the foregoing, an appropriate order will be entered granting *72 respondent's motion and dismissing the case for lack of jurisdiction.
This concludes the Court's oral findings of fact and opinion in this case.
(Whereupon, at 12:05 p.m., the bench opinion in the above-entitled matter was concluded.)