T.C. Memo. 2014-247

UNITED STATES TAX COURT

HAROLD P. KUPERSMIT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14048-12L.                    Filed December 11, 2014.

Harold P. Kupersmit, pro se.

<u>Daniel C. Munce</u> and <u>Jason M. Kuratnick</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  Petitioner has advanced various contentions concerning tax years 2007, 2008, 2010, and 2011.  Respondent has moved to dismiss for lack of jurisdiction as to 2010 and 2011 and for partial summary judgment as to 2007 and 2008.  We will grant both motions.

Background

Petitioner did not file a Federal income tax return for 2007 or 2008.  The IRS prepared a substitute for return (SFR) for each year that met the requirements of section 6020(b).  On the basis of the SFRs the IRS sent petitioner, by certified mail to his address in Yardley, Pennsylvania, notices of deficiency for 2007 and 2008.  This address is petitioner's last known address and the address shown on his communications with this Court.

Respondent attached to his summary judgment motion copies of U.S. Postal Service (USPS) Forms 3877 showing that articles with tracking numbers matching those on the 2007 and 2008 notices of deficiency were mailed to petitioner at his Yardley, Pennsylvania, address.  The USPS attempted delivery of both notices, but delivery was refused.  Petitioner did not seek review of either notice in this Court, and the IRS proceeded to assess the tax for 2007 and 2008.

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** In an effort to collect these outstanding liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing. In response to this notice petitioner sent the IRS what might be described as an informal request for a CDP hearing. This document included, among other things: (1) a request for a "Due Process Hearing with Right to Appeal to be Held at Some Point in the Future"; (2) a request that petitioner be given one month's notice before that hearing so that he could issue subpoenas to various persons; (3) a letter asserting that "most do not have a clue as to the seriousness of the deflationary and inflationary trap as promulgated by the two corrupt political parties"; (4) two Forms W-2G, Certain Gambling Winnings, with the words "illegal & against public policy" and "obscene, illegal & unethical" handwritten by petitioner; and (5) a list of individuals, including the Governor of Pennsylvania, to whom petitioner asked that these materials be sent. After receiving this document, the IRS prepared a Form 12153-A, Referral Request for CDP Hearing and Request for CDPTS Input, and forwarded it to the IRS Appeals Office.

A settlement officer (SO) from the IRS Appeals Office sent petitioner a letter scheduling a telephone CDP hearing for April 24, 2012. This letter informed petitioner that certain arguments advanced in his CDP hearing request appeared to be frivolous. The letter also informed petitioner that, in order to be eligible for a

**[*4]** collection alternative, he needed to supply a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.

Petitioner and the SO participated in teleconferences on April 24 and May 22, 2012. After reviewing the 2007 and 2008 notices of deficiency and the USPS Forms 3877, the SO informed petitioner that he could not contest his underlying tax liability for either year because he had, but refused to take advantage of, prior opportunities to contest those liabilities in this Court. Petitioner asserted that he was not liable for any tax and did not want to discuss collection alternatives.

At this point the SO reviewed the case file and confirmed that the tax for 2007 and 2008 had been properly assessed. Because petitioner had repeatedly failed to submit the required financial information, the SO determined that he was not eligible for a collection alternative. The SO accordingly closed the case and, on May 29, 2012, issued petitioner a Notice of Determination Concerning Collection Actions sustaining the NFTL for 2007 and 2008.

On June 4, 2012, petitioner timely petitioned this Court for review of the notice of determination for 2007 and 2008. In addition to contesting the NFTL for these years, he also purported to challenge what was then an ongoing IRS examination for his 2010 tax year. The IRS ultimately did issue petitioner a notice of

[*5] deficiency for 2010, but it did not mail that notice until February 11, 2013, eight months after he filed his petition.[2]

For the 2011 taxable year petitioner appears to have filed a joint return with his spouse. On August 13, 2012, the IRS issued them a Notice CP11, informing them of an amount due as a result of mathematical or clerical errors appearing on their 2011 return. On August 13, 2012, petitioner filed with the Court a copy of this Notice CP11, accompanied by handwritten notes. The Court filed this document as an amendment to petition.

On June 11, 2014, respondent filed a motion for partial summary judgment as to petitioner's 2007 and 2008 tax years. On June 20, 2014, respondent filed a motion to dismiss for lack of jurisdiction as to petitioner's 2010 and 2011 tax years. The Court ordered petitioner to respond to both motions.

Petitioner submitted by way of response a variety of documents. He does not dispute that he refused delivery of the 2007 and 2008 notices of deficiency, and he does not raise any genuine issue of material fact. Rather, he advances

---

[2]In his petition filed June 4, 2012, petitioner also raised his tax liability for 2009. The IRS issued petitioner a notice of deficiency for 2009 on April 23, 2012, and his petition was timely as to that notice. It is this Court's practice to separate deficiency cases from CDP cases to proceed as separate dockets. Accordingly, on September 30, 2014, we severed petitioner's 2009 tax year from the instant CDP case and assigned it docket No. 22350-14. This opinion addresses issues raised in docket No. 14048-12L only.

**[\*6]** several irrelevant allegations.  These include:  (1) a request to amend his petition to add a $1 billion whistleblower claim for submitting "proof of corruption on the part of several on-line brokers and most of the racetracks of America"; and (2) the assertion that the IRS is punishing him for his "political activity since 1992" because he is "the only person in America who understands the gravity of the situation at hand."

Discussion

I.     <u>Motion To Dismiss as to 2010 and 2011</u>

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly provided by statute.  <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985); <u>Breman v. Commissioner</u>, 66 T.C. 61, 66 (1976).  This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988).  Jurisdiction must be shown affirmatively and, as the party invoking the Court's jurisdiction, petitioner bears the burden of proving that jurisdiction exists.  See <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268, 270 (2000), <u>aff'd</u>, 22 Fed. Appx. 837 (9th Cir. 2001).

**[*7]**    For the 2010 taxable year the IRS did not issue petitioner, before the date on which he filed his petition, any notice sufficient to confer jurisdiction on this Court. Petitioner filed the instant petition, which sought relief concerning 2010, on June 4, 2012. On February 11, 2013, the IRS mailed him a notice of deficiency for 2010. His petition was thus filed 252 days <u>before</u> the notice of deficiency for 2010 was mailed. This Court lacks jurisdiction where the Commissioner has not determined a deficiency for a particular year and has not sent the taxpayer a notice of deficiency for that year. <u>See</u> <u>John C. Hom & Assocs., Inc., v. Commissioner</u>, 140 T.C. 210, 215 (2013) (jurisdiction is determined at the time a petition is filed); <u>Versteeg v. Commissioner</u>, 91 T.C. 339, 340 (1988); <u>Fisher v. Commissioner</u>, T.C. Memo. 2008-256, 96 T.C.M. (CCH) 339, 340 ("Our jurisdiction is based on the snapshot in time when petitioner timely filed the petition.").

Nor do we automatically gain jurisdiction over a notice of deficiency that is issued after a premature petition has been filed. <u>Cf.</u> <u>Thomas v. United States</u>, 56 Fed. Cl. 112, 120 (2003) (dismissing a premature tax refund suit under section 6532(a)(1) for lack of jurisdiction). Section 6213(a) requires that a petition be filed within 90 days "after the notice of deficiency authorized in section 6212 is mailed." Petitioner did not file any document that the Court could construe as a petition within 90 days after the notice of deficiency for 2010 was mailed. <u>See</u>

[*8] <u>Normac</u>, 90 T.C. at 147 ("It has been this Court's policy to be liberal in treating as petitions all documents filed by taxpayers within the 90-day period, where the documents were intended as petitions."). Petitioner has thus failed to satisfy his burden of proving that jurisdiction exists as to 2010.[3]

For the 2011 taxable year petitioner relies on the Notice CP11, which the Court filed as an amendment to petition in this case. This notice informed petitioner and his spouse of an amount due as a result of mathematical or clerical errors appearing on their 2011 return. Section 6213(b)(1), which governs assessments arising out of mathematical or clerical errors, provides that "such notice shall not be considered as a notice of deficiency * * * and the taxpayer shall have no right to file a petition with the Tax Court based on such notice." Respondent

---

[3]In similar circumstances, the Court has refused to allow a taxpayer to amend his petition to add all tax years listed in a notice of deficiency when the original petition challenged only some of those years unless the taxpayer makes such an amendment within 90 days after the mailing of the notice of deficiency. See <u>O'Neil v. Commissioner</u>, 66 T.C. 105, 107-108 (1976) ("[A]n amendment to the petition after the statutory filing period has expired cannot be used to seek a redetermination of an additional taxable year."). Here, it does not appear that petitioner could have amended his petition to include 2010 because the notice of deficiency for 2010 had not been issued at the time his petition was filed. Had petitioner filed, within 90 days after the mailing of the notice of deficiency for 2010, an amendment to his petition to include tax year 2010, the Court's usual practice would have been to sever tax year 2010 from the instant docket and treat the amendment to petition as a new petition with a separate docket number. But petitioner did not do that.

**[*9]** represents, following a diligent search of IRS files, that no other notice has been issued to petitioner that would confer on this Court jurisdiction over petitioner's 2011 tax year. Because petitioner has failed to satisfy his burden of proving that the Court has jurisdiction as to 2010 or 2011, we will grant respondent's motion to dismiss for lack of jurisdiction as to both years.

II.     Summary Judgment as to 2007 and 2008

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine dispute for trial."

Petitioner asserts that we should deny respondent's motion because he has not had a chance to present evidence. Quite the contrary: The Court instructed petitioner to respond to the motion for partial summary judgment, and his response

**[\*10]** could have included supporting affidavits and documentary exhibits. See Rule 121. We would have viewed any properly supported factual allegations in the light most favorable to him. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Instead, petitioner submitted an array of frivolous allegations and failed to set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. This case is therefore appropriate for summary disposition. See Sundstrand Corp., 98 T.C. at 520; Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

### A.     Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying liability is not properly at issue, the Court reviews the IRS' determination for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

[*11] A taxpayer may contest at a CDP hearing the existence or amount of his underlying tax liability only if he did not receive a notice of deficiency for the tax year in question or otherwise have a prior opportunity to dispute it. See sec. 6330(c)(2)(B). Generally speaking, a taxpayer must actually receive the notice of deficiency for this preclusion to apply. See Sego v. Commissioner, 114 T.C. 604, 610-611 (2000). But a taxpayer may not avoid actual receipt by deliberately refusing delivery; a taxpayer who refuses delivery of a notice is deemed to have received it. Id. at 611; Rivas v. Commissioner, T.C. Memo. 2012-20.

The Commissioner bears the burden of proving that a notice of deficiency was properly mailed. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). A USPS Form 3877 reflecting timely mailing to a correct address establishes that the notice was properly mailed. Compliance with mailing procedures raises a presumption of official regularity. If a taxpayer fails to rebut this presumption, the Court may find that the taxpayer received the notice. See Sego, 114 T.C. at 611.

The record establishes that the IRS mailed petitioner by certified mail notices of deficiency for 2007 and 2008. Each was addressed to petitioner at his Yardley, Pennsylvania, address. The USPS Forms 3877 show that these notices were mailed to him at that address. And the record establishes that the USPS attempted delivery of these notices but that delivery was refused. There is no

[*12] genuine dispute concerning these facts, and we accordingly find that petitioner deliberately refused delivery of the notices of deficiency.

By refusing delivery of the 2007 and 2008 notices of deficiency, petitioner repudiated his "opportunity to contest the notices of deficiency in this Court." Sego, 114 T.C. at 611. He is therefore precluded from challenging, both at his CDP hearing and in this Court, his underlying tax liability for either year. See Kamps v. Commissioner, T.C. Memo. 2011-287; D'Onofrio v. Commissioner, T.C. Memo. 2008-25. We accordingly review the SO's decision for abuse of discretion only.

B.     Analysis

We consider whether, in the course of making his determination, the SO: (1) properly verified that the requirements of any applicable law or administrative procedure were met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). It is clear from our review of the record that the SO conducted a thorough review of the transcripts of petitioner's account and verified that the requirements of applicable law and administrative procedure were followed. The SO properly balanced the

**[*13]** need for efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary. Petitioner did not raise any valid challenge to the appropriateness of the proposed collection action. Indeed, he told the SO that he was not interested in pursuing collection alternatives and did not supply a completed Form 433-A or any supporting financial data. An SO does not abuse his discretion by refusing to consider collection alternatives where the taxpayer "fails to submit the required and requested financial information," Stanwyck v. Commissioner, T.C. Memo. 2012-180, slip op. at 19, and fails to place a specific proposal on the table, McLaine v. Commissioner, 138 T.C. 228, 243 (2012). We find no abuse of discretion in any respect, and we will therefore grant respondent's motion for partial summary judgment and affirm the proposed collection action for 2007 and 2008.

To reflect the foregoing,

An appropriate order and decision will be entered.