T.C. Memo. 2011-287

UNITED STATES TAX COURT

EZEKIEL KAMPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22655-09L.                    Filed December 14, 2011.

Ezekiel Kamps, pro se.

<u>Kevin R. Erskine</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of

determination) for 2002 through 2005 (years at issue).[1]  Pursuant to section 6330(d), petitioner seeks review of respondent's determination.  The issue for decision is whether respondent may proceed with the proposed collection actions.

### FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulation of facts and the accompanying exhibits are incorporated by this reference.  Petitioner resided in Michigan at the time of filing his petition.

Petitioner received a Form W-2, Wage and Tax Statement, from Ron Miedema Concrete, Inc. (Ron Miedema), reporting his wages for each of the years at issue.  Petitioner also received a Form 1099-MISC, Miscellaneous Income, reporting his miscellaneous income from Ron Miedema for 2005.  Petitioner did not file income tax returns for the years at issue.  Consequently, respondent prepared a substitute for return for petitioner for each of the years at issue pursuant to section 6020(b).  Petitioner also failed to file income tax returns for 2006-08.

Respondent did not introduce into evidence the original or a copy of the notice of deficiency for each of the years at issue, and petitioner denies ever receiving any.  Respondent did

---

[1]All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

introduce Substitute U.S. Postal Service Form 3877 (Form 3877), a mailing list form of the Postal Service that is prepared for and used by the Internal Revenue Service (IRS) to identify items mailed by certified mail or registered mail.  Form 3877 indicates that respondent mailed petitioner a notice of deficiency for each of the years at issue to his last known address.

On January 9, 2009, Letter 1058, Final Notice of Intent to Levy and Your Right to a Hearing (notice of levy), was mailed to petitioner with respect to the years at issue.  On February 9, 2009, petitioner submitted a request for a collection due process or equivalent hearing (CDP hearing).  He requested a face-to-face meeting and stated that he had not previously had the chance to challenge the underlying tax liabilities.

On April 23, 2009, Settlement Officer Denise Williams (Williams) sent petitioner a letter scheduling a telephone conference for May 19, 2009, which, among other things, warned petitioner that a failure to participate in the telephone conference or to respond to the letter would result in a determination based on the information in the administrative file.  The letter also informed petitioner that his request for a face-to-face CDP hearing was denied because he had failed to file all required tax returns.  Petitioner did not participate in the telephone conference.  On May 20, 2009, Williams sent petitioner a letter informing him that a determination would be made on the

basis of the administrative file and that he had 14 days to send in any information he would like to have considered.

On May 28, 2009, Williams received an undated letter from petitioner stating that the May 19, 2009, telephone conference was scheduled without contacting him regarding his availability. Petitioner stated that he did not receive a notice of deficiency with respect to the underlying tax liabilities and again requested a face-to-face conference. On June 15, 2009, Williams responded that petitioner's arguments either were frivolous or reflected a desire to delay or impede the administration of Federal tax laws. Williams asked petitioner to amend his CDP hearing request within 30 days by stating, in writing, legitimate issues and withdrawing the frivolous and/or desire-to-delay issues. Williams warned petitioner that if he failed to submit a nonfrivolous argument, she would disregard his hearing request and return his case to the Collections Division. She further stated that if he submitted a legitimate reason for his dispute, she would schedule his hearing. Petitioner did not respond to this letter.

On July 15, 2009, Williams sent petitioner another letter, scheduling a telephone conference for August 12, 2009. The letter attributed petitioner's underlying tax liability to income earned from Ron Miedema during the years at issue. Williams again warned petitioner that his failure to participate in the

telephone conference or to respond to the letter would result in a determination based on the information in the administrative file.  Petitioner did not participate in the telephone conference.  Rather, on August 6, 2009, petitioner sent Williams a response, again claiming that he did not receive a notice of deficiency for each of the years at issue and asking for a face-to-face CDP hearing.  Petitioner's response did not state any other reason for disputing his underlying tax liability.

On August 17, 2009, respondent issued a notice of determination sustaining the notice of levy for the years at issue.  On September 15, 2009, petitioner timely filed a petition with this Court.[2]

## OPINION

### I.  General Rules

Section 6321(a) provides that if any person liable to pay any tax neglects or refuses to pay after demand, the Secretary can collect such tax by placing a lien on the person's property

---

[2]On Sept. 25, 2009, the Court ordered petitioner to file an amended petition on or before Nov. 9, 2009, to conform with the Tax Court Rules of Practice and Procedure.  On Dec. 9, 2009, the Court extended petitioner's deadline to file an amended petition to Dec. 31, 2009.  Petitioner failed to file an amended petition on time.  Thus, on Jan. 15, 2010, the Court dismissed this case for lack of jurisdiction.  On Feb. 22, 2010, petitioner filed a motion to vacate the Court's order dismissing this case.  Petitioner concurrently filed his amended petition.  On Mar. 5, 2010, the Court vacated its order dismissing this case for lack of jurisdiction and ordered the Clerk of the Court to file petitioner's amended petition.

or rights to property.  Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person.  However, the Secretary is required to give the taxpayer written notice of his intent to file a lien or to levy and must describe the administrative review available to the taxpayer before proceeding.  Secs. 6320(a), 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request a hearing with the Appeals Office with regard to a levy notice.  At the hearing the taxpayer may raise certain matters set forth in section 6330(c)(2), which include appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Further, a taxpayer may dispute the underlying tax liability for any tax period if the taxpayer did not receive a notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Frivolous arguments, however, are not relevant issues in a hearing.  Pierson v. Commissioner, 115 T.C. 576 (2000).  "A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Smith v. Commissioner, T.C. Memo. 2000-290.

Following a hearing, the Appeals Office must make a determination whether the proposed lien or levy action may proceed. In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination the taxpayer may appeal that determination to this Court. Although section 6330 does not prescribe the standard of review that we are to apply in reviewing the Commissioner's administrative determinations, we have stated that where the validity of the underlying tax liability is properly at issue, we will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly at issue, however, we will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

II.  CDP Hearing

Petitioner argues that he was entitled to dispute his underlying tax liabilities at a CDP hearing.  Respondent counters that petitioner was precluded from disputing the liabilities because he received a notice of deficiency for each of the years at issue.

Section 6330(c)(2)(B) contemplates actual receipt of a notice of deficiency by the taxpayer, Tatum v. Commissioner, T.C. Memo. 2003-115, although a taxpayer may not avoid actual receipt by deliberately refusing delivery, Sego v. Commissioner, supra at 610-611.  The Commissioner has generally prevailed in foreclosing challenges to the underlying liability under section 6330(c)(2)(B) where he establishes that a notice of deficiency was mailed to the taxpayer's last known address and no factors are present that rebut the presumption of official regularity and of delivery.  See, e.g., id.; Clark v. Commissioner, T.C. Memo. 2008-155.

The Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970).  The act of mailing may be proven by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony.  Coleman v. Commissioner, supra at 90.

In appropriate circumstances Form 3877 is sufficient to show that a notice of deficiency was sent and delivered. <u>United States v. Zolla</u>, 724 F.2d 808, 810 (9th Cir. 1984); <u>Sego v. Commissioner</u>, <u>supra</u> at 611; <u>Figler v. Commissioner</u>, T.C. Memo. 2005-230. The Court of Appeals for the Sixth Circuit, the Court to which an appeal in this case would be heard, has held that Form 3877 is highly probative evidence that the notice of deficiency was sent by certified mail and in the absence of contrary evidence is sufficient to establish that fact. <u>Wiley v. United States</u>, 20 F.3d 222 (6th Cir. 1994); <u>Golsen v. Commissioner</u>, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

For each of the years at issue, respondent has provided a Form 3877 as proof of mailing. A Form 3877 creates a presumption of mailing absent evidence to the contrary. Petitioner's correct address is noted on the Form 3877 for each year at issue, as is the date of mailing. Petitioner has failed to present any evidence to dispute mailing. Rather, petitioner has done nothing but request affirmative proof of mailing from respondent. The Form 3877 is sufficient proof.

On its face, this case appears to be similar to <u>Pietanza v. Commissioner</u>, 92 T.C. 729 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991), where we held that the Commissioner could not rely on Form 3877 to prove mailing where the

Commissioner failed to produce the taxpayers' notice of deficiency. In <u>Pietanza</u>, as here, the Commissioner (1) had no copies of a notice of deficiency, (2) did not establish that a final notice of deficiency ever existed, and (3) relied on Form 3877. In that case, however, we held that the taxpayers rebutted the presumption of mailing created by Form 3877. <u>Id.</u> at 736. Communications between the taxpayers and the IRS raised doubts as to the accuracy of the date of mailing shown on the Form 3877. <u>Id.</u> at 739. Petitioner has not presented similar evidence in this case, and absent any such evidence, this case is clearly distinguishable from <u>Pietanza</u>.

In the absence of clear evidence to the contrary, receipt of the notice of deficiency will be presumed upon proof of mailing. <u>Sego v. Commissioner</u>, <u>supra</u> at 611. Outside of petitioner's and his wife's self-serving testimony denying receipt, petitioner has failed to provide any evidence that the mailing procedures were irregular. Therefore, the presumption of mailing has not been rebutted, and petitioner was not entitled to contest his underlying tax liabilities for the years at issue. See sec. 6330(c)(2)(B). Because petitioner was not entitled to contest his underlying tax liabilities, we review respondent's decision to proceed with collection for abuse of discretion.

Petitioner argues that he was improperly denied a face-to-face hearing for the years at issue. We disagree. We have held

repeatedly that a hearing conducted under section 6330 is an informal proceeding, not a formal adjudication.  Generally, there is no abuse of discretion in the IRS' refusal of a face-to-face hearing when a taxpayer fails to present nonfrivolous arguments, file past-due returns, and submit financial statements as a prerequisite to a collection alternative.  See Zastrow v. Commissioner, T.C. Memo. 2010-215; Rice v. Commissioner, T.C. Memo. 2009-169; Summers v. Commissioner, T.C. Memo. 2006-219. Therefore, a face-to-face hearing is not mandatory.  Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000).

Outside of petitioner's argument that he did not receive a notice of deficiency for the years at issue, he has failed to present a nonfrivolous issue for dispute throughout his dealings with respondent or the Court.  In fact, petitioner testified that he did not file returns for the years at issue because of his belief that the income tax is "voluntary" and "optional".  We are satisfied that a face-to-face hearing would not have been productive.  Accordingly, we find there has not been an abuse of discretion, and respondent may proceed with collection for the years at issue.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.