T.C. Memo. 2017-172

UNITED STATES TAX COURT

GREGORY DAVID BRUCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20817-15L.                    Filed September 5, 2017.

P, upon service retirement from the U.S. Army, became entitled to a pension, which the Army reported to R as taxable. The Department of Veterans Affairs subsequently assigned P a disability rating retroactive to the day after his retirement. P unavailingly petitioned the Army to reclassify his retirement as disability based, hoping to make his pension nontaxable. <u>See</u> I.R.C. sec. 104(a)(4).

P did not file a Federal income tax return for 2011. R determined that P was liable for an income tax deficiency and failure-to-file and failure-to-pay penalties. R sent P a notice of deficiency, which P did not contest. R assessed the tax. P failed to pay, and R issued a final notice of intent to levy. P requested a collection due process hearing, wherein Appeals sustained the levy notice. P, seeking to challenge his underlying tax liability, timely petitioned this Court for review of the Appeals determination. R has moved for summary judgment.

<u>Held</u>: P is precluded under I.R.C. sec. 6330(c)(2)(B) from contesting his underlying tax liability before Appeals and this Court

[*2]  because he received a notice of deficiency and failed to contest it timely.  Goza v. Commissioner, 114 T.C. 176 (2000), followed.

Held, further, R is entitled to summary adjudication that Appeals did not abuse its discretion in sustaining the final notice of intent to levy.

Gregory David Bruce, pro se.

Courtney S. Bacon, for respondent.

MEMORANDUM OPINION

LARO, Judge:  In this collection due process (CDP) case, petitioner seeks review under section 6330(d)(1) of respondent's determination sustaining a Notice CP90, Final Notice of Intent to Levy (FNIL), with respect to petitioner's Federal income tax liability for the 2011 taxable year.  This case is before the Court on respondent's motion for summary judgment, as amended, under Rule 121.[1]  The sole issue for our decision is whether respondent is entitled to summary adjudication that the Internal Revenue Service (IRS) Office of Appeals did not

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) applicable at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] abuse its discretion in sustaining the FNIL. We hold that respondent is so entitled, and we will grant his motion.

## Background

### I. Overview

We have derived the recitations in this background section primarily from the undisputed portions of each party's statement of the facts, as drawn from the pleadings and other acceptable materials, including respondent's motion for summary judgment and the accompanying declaration and exhibits and petitioner's response thereto. Petitioner is a resident of Georgia. This case is appealable to the Court of Appeals for the Eleventh Circuit absent stipulation of the parties to the contrary.

### II. Petitioner's Retirement

Petitioner is a disabled U. S. Army veteran. He retired from service on January 31, 2000, at the rank of chief warrant officer 3. His retirement was classified as regular by the Department of the Army (DA), a component of the Department of Defense. The Department of Veterans Affairs (VA) subsequently assigned him an overall 80% disability rating retroactive to February 1, 2000, and individual unemployability--resulting in disability compensation at a 100% rate-- retroactive to December 19, 2002.

**[\*4]**  Petitioner alleges that, by reason of the VA's retroactive determination, his retirement should have been classified by the DA as a disability retirement. The Army Board for Correction of Military Records denied petitioner's request to reclassify his retirement. Petitioner challenged this determination and brought other claims against the Government in the District Court for the Northern District of Georgia; his case was dismissed. See Bruce v. McHugh, No. 1:15-CV-248-MHC (N.D. Ga. Oct. 29, 2015) (order). The Court of Appeals for the Eleventh Circuit affirmed the dismissal of petitioner's complaint, see Bruce v. Sec'y of the Army, No. 15-15045 (11th Cir. May 27, 2016), and petitioner claims that he is now petitioning the Supreme Court of the United States for further review.[2]

III.    Petitioner's Retirement Income

Upon retiring from the Army, petitioner became entitled to a pension. However, because the DA classified his retirement as based on service rather than disability, the pension payments were reported as taxable income. For 2011 petitioner received a Form SSA-1099, Social Security Benefit Statement, from the

---

[2]Petitioner submitted his petition for writ of certiorari dated October 26, 2016, to the Supreme Court; it was received there on October 31, 2016. The petition evidently was returned unfiled by the Clerk of the Supreme Court for failure to comply with that Court's rules. Petitioner has provided to this Court a copy of his motion dated December 17, 2016, to extend the time to refile the petition for writ of certiorari. Its subsequent disposition is not known.

**[*5]** Social Security Administration reporting $19,770 of pension/annuity income, $8,500 of which respondent deemed taxable. Petitioner also received a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from the Defense Finance and Accounting Service, Cleveland Center, reporting a gross distribution of $28,822, all of it classified as taxable, and Federal income tax withholding of $20. Petitioner did not file a Federal income tax return for the 2011 taxable year.

IV.     Respondent's Determination of Petitioner's Tax Liability

Respondent on September 16, 2013, sent petitioner a notice about his failure to file a 2011 tax return and computing his 2011 adjusted gross income to be $37,322, his taxable income to be $27,822, and his net income tax due to be $3,728. Respondent also calculated a failure-to-file addition to tax of $838.80, a failure-to-pay addition to tax of $335.52, and interest charges of $210.10, resulting in a total proposed amount due of $5,112.42. The notice requested that petitioner file his 2011 income tax return by October 16, 2013, to avoid assessment of the proposed amount due. Petitioner neither paid the amount due nor filed his 2011 tax return.

On December 23, 2013, respondent issued to petitioner a notice of deficiency for the 2011 taxable year. The notice of deficiency contained the same

**[*6]** numbers as the previous notice, except that the failure-to-pay addition to tax was increased to $447.36 and the interest charges were increased to $272.54, resulting in a total amount due of $5,286.70. The notice of deficiency gave petitioner until March 24, 2014, to file his 2011 income tax return to avoid assessment of the amount due, including additional addition to tax and interest charges. The notice of deficiency also informed petitioner that if he disagreed with the amount due, he had the right to challenge it by filing a petition with this Court by March 24, 2014. The notice of deficiency stated that if petitioner did not file his return, did not agree to respondent's assessment, or did not file a Tax Court petition by March 24, 2014, he would receive a bill from respondent for the additional tax owed plus any applicable penalties and interest. Respondent's records indicate that the notice of deficiency was sent to petitioner by certified mail from the Ogden, Utah, service center on December 23, 2013, with a tracking number of 7161 7617 9284 6184 7052 and postage of $3.10, and was delivered at 1:17 p.m. on December 27, 2013.

V.   Respondent's Assessment of Tax Against Petitioner

Petitioner did not petition this Court for redetermination of the deficiency and additions to tax. On May 19, 2014, respondent assessed tax due of $3,748 (reduced to $3,728 by the $20 reported as withheld on petitioner's Form 1099-R),

**[*7]** a failure-to-file addition to tax of $838.80, a failure-to-pay addition to tax of $484.64, and interest of $295.67 and, according to petitioner's account transcript supplied by respondent, issued a corresponding notice to petitioner.

VI.    Respondent's Efforts To Collect the Tax Assessed

     A.    Final Notice of Intent to Levy

Petitioner did not pay the assessed liability.  On February 16, 2015, respondent issued the FNIL to petitioner.  The FNIL indicated that petitioner owed $5,347.11, representing the total amount assessed on May 19, 2014, as well as an additional failure-to-pay addition to tax of $279.60 and additional interest charges of $121.33, resulting in a total amount due of $5,748.04.  The FNIL indicated that the Government might seize petitioner's property to satisfy his unpaid Federal tax liability but that he could appeal the proposed seizure of his assets by requesting a collection due process (CDP) hearing under section 6330 by March 18, 2015. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, signed and dated by him on March 12, 2015; respondent received the form on March 17, 2015.  Petitioner checked the box on the Form 12153 indicating that he was unable to pay the balance of his liability.  Petitioner also included a statement and exhibits explaining his position that his Army

[*8] pension should be exempt from Federal income tax and thus the liability as determined by respondent is incorrect.

B.    Collection Due Process Hearing

On May 22, 2015, petitioner's case was assigned to IRS Office of Appeals Settlement Officer Kristine Padua (SO Padua) in Fresno, California, and respondent sent petitioner a letter informing him that his case had been received and assigned to SO Padua.  In her initial review on May 28, 2015, SO Padua determined that respondent had satisfied the relevant procedural requirements.

On May 28, 2015, SO Padua sent petitioner a letter informing him that she had scheduled a telephone conference with him on June 30, 2015, at 10:30 a.m. (PST), to discuss his case.  The letter informed petitioner that he could not challenge the underlying liability in a CDP hearing if he received a notice of deficiency or had the opportunity to dispute the liability.  The letter further notified him that the IRS created his 2011 tax return because he did not file a return for that year and if he disagreed with the balance due he should submit an original return by June 18, 2015.  Petitioner was advised that for SO Padua to consider alternative collection methods such as an installment agreement or offer in compromise, he should submit by June 18, 2015, a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and

**[\*9]** certain supporting documentation, along with signed copies of his previously unfiled tax returns for the 2009, 2010, 2012, 2013, and 2014 taxable years. The letter also explained that SO Padua verified that she had no prior involvement with petitioner for the taxes or year at issue and that the CDP hearing would determine whether respondent had met all the requirements of any applicable law and administrative procedure.

Although petitioner sent to SO Padua a facsimile letter dated June 22, 2015, stating that he had sent evidentiary documents by certified mail regarding his claim of Federal income tax exemption, the documents were the same as those attached to his Form 12153. SO Padua never received the information she had specifically requested from petitioner.

Petitioner and SO Padua participated in the scheduled telephone conference on June 30, 2015. SO Padua explained that all required procedures had been followed. Petitioner argued that his income was exempt from taxation and that he was going to use his right to request a court hearing to have his information heard. SO Padua advised petitioner that if he did not provide his returns and financial information, no alternative to enforced collection would be available and the FNIL would be sustained; petitioner understood and had no questions.

**[*10]** On July 10, 2015, SO Padua confirmed that (1) the notice of deficiency issued to petitioner had reflected his address, and (2) per U.S. Postal Service tracking information the notice had been delivered to petitioner's address. Accordingly, she concluded that petitioner had had a prior opportunity to dispute the liability. On July 13, 2015, SO Padua sustained the determination, closed the case, and submitted it for review to her Appeals team manager, who concurred in SO Padua's proposed collection action.

## VII.   Notice of Determination

On July 15, 2015, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the FNIL. Petitioner had 30 days to file a petition contesting respondent's determination. See sec. 6330(d)(1). The Court received petitioner's petition on August 17, 2015. The envelope in which it was mailed bore a postmark dated August 11, 2015, and a U.S. Postal Service mark dated August 12, 2015, so the petition is treated as timely filed. See sec. 7502(a); sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs.

## VIII.   Respondent's Motion for Summary Judgment

On August 24, 2016, respondent filed a motion for summary judgment and later amended that motion. The Court held a hearing in this case on October 24,

**[*11]** 2016, in Atlanta, Georgia.  On June 28, 2017, petitioner responded to the motion for summary judgment as amended.

Discussion

I.     Legal Standard for Summary Judgment

Either party may move for summary judgment on some or all of the legal issues in dispute.  See Rule 121(a).  Summary judgment expedites litigation and avoids unnecessary and expensive trials.  See Craig v. Commissioner, 119 T.C. 252, 259 (2002).  It may be granted with respect to all or any part of the issues "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); see also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving the absence of any genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  See Craig v. Commissioner, 119 T.C. at 260.

Petitioner has raised no dispute as to any material fact.  With no material facts in dispute, this case is ripe for summary adjudication.

[*12] II.      Collection of Unpaid Tax Liabilities

The Secretary has collection authority over taxes imposed by the Code.  Sec. 6301.  One of the tools in the Government's purview, if a taxpayer liable for a tax neglects or refuses to pay it, is a levy upon that person's property and rights to property.  Sec. 6331(a).  Certain property, such as certain annuity and pension payments or income below a prescribed minimum amount, is exempt from levy.  Sec. 6334(a)(6), (9).  Section 6331(d)(1) requires that a taxpayer be given notice before a levy may be made.

Section 6330(a) elaborates on the pre-levy notice requirements, and section 6330(b) gives a taxpayer the right to a fair CDP hearing before an impartial officer of the IRS Office of Appeals who has had no prior involvement with respect to the unpaid tax the collection of which is being challenged.  The Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including (1) appropriate spousal defenses, (2) challenges to the appropriateness of collection actions, and (3) offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer, however, may not challenge the existence or amount of the underlying tax liability unless he did not receive a statutory notice of deficiency

**[*13]** for that liability or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). The Appeals officer's determination must take into account all of the above, as well as whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

III.    Review of Collection Actions

Within 30 days of a CDP determination by the IRS Office of Appeals, a taxpayer may petition this Court for review of that determination. Sec. 6330(d)(1). We review the determination de novo only where the validity of the underlying tax liability was properly at issue at the hearing. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Otherwise, where the taxpayer's underlying liability is not properly at issue, we review the Government's decision for abuse of discretion only. Id. A determination that is arbitrary, capricious, or without sound basis in fact or law is an abuse of discretion. See, e.g., Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Venhuizen v. Commissioner, T.C. Memo. 2012-270, at *12.

**[*14]** IV.     The Parties' Arguments

    A.     Respondent's Position

Respondent contends that petitioner is seeking to challenge his underlying tax liability, which he is precluded from doing because he had a prior opportunity to challenge it when respondent issued the notice of deficiency for the 2011 taxable year.  See Goza v. Commissioner, 114 T.C. at 182-183.  Respondent argues, pointing to his records showing the certified mailing of the notice of deficiency, that he has met his burden of proving by competent and persuasive evidence that the notice of deficiency was mailed properly, see Coleman v. Commissioner, 94 T.C. 82, 90 (1990), and that petitioner has presented no evidence to dispute that the notice was mailed.

Since the underlying tax liability is not at issue, respondent asserts, this Court reviews the IRS Office of Appeals determination for abuse of discretion. See, e.g., Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).  Respondent maintains that it was not an abuse of discretion to sustain the proposed collection action against petitioner for his failure to submit requested information, such as the Form 433-A, supplementary financial information, and the unfiled tax returns for the preceding and succeeding years.  See Huntress v. Commissioner, T.C. Memo. 2009-161.  Likewise, respondent contends, it was not an abuse of

[*15] discretion to not entertain a collection alternative where petitioner neither requested one nor filed his required returns. See id. Respondent also points out that petitioner did not allege an abuse of discretion on SO Padua's part and is deemed to have conceded that point. Respondent argues therefore that petitioner has failed to challenge the appropriateness of the proposed collection actions, and in the absence of a valid issue for this Court's review, respondent should be entitled to judgment as a matter of law sustaining his determination. See, e.g., Jones v. Commissioner, T.C. Memo. 2007-142.

B.   Petitioner's Position

Petitioner argues that his Army pension should be considered nontaxable. Emphasizing that this Court's mission is to serve as a national forum to resolve disputes between taxpayers and the IRS, he disagrees with respondent that the sole issue in this case is the Government's compliance with CDP procedures.

Petitioner concedes that (1) he did not file his Federal income tax return for 2011, (2) he did not pay any tax alleged due by respondent, and (3) the IRS strictly complied with CDP procedures. He maintains, however, that the primary dispute is whether the underlying tax liability should be imposed, given the section 104(a)(4) exclusion from gross income of pensions and annuities received for personal injuries or sickness resulting from active service in the Armed Forces.

[*16] Petitioner points out that he has sought to correct his Form 1099-R through both administrative and judicial means and has prepared a petition to the Supreme Court of the United States for a writ of certiorari. Petitioner believes that the determination of his disability by the VA should extend to his Army pension and place it within the scope of section 104(a)(4), thereby allowing him to exclude the pension from his gross income. Petitioner asserts that his refusal to cooperate with respondent's collection agents stems from the Government's attachment of his Social Security benefits for 2012, following which the Social Security Administration terminated petitioner's benefits during the following two years.

Petitioner urges this Court to deny respondent's motion for summary judgment and to find that petitioner's Army pension is nontaxable. In the alternative, petitioner requests that this Court issue an order suspending any collection actions by respondent against petitioner until the Supreme Court and the Department of Justice have disposed of his ongoing claims and appeals.

V.  Analysis

Petitioner has had a long and distinguished career in the military, and we respect and honor his faithful service and sacrifice for his country. At the same time we are a court established under Article I of the U.S. Constitution, sec. 7441, and our jurisdiction is limited to that expressly conferred upon us by the Code, sec.

**[\*17]** 7442. In this case our hands are bound like those of Odysseus to the law's mast, and there is little that we can offer to succor petitioner.

Petitioner's sole argument is that his Army pension should be excluded from gross income by reason of his VA disability rating. In other words, petitioner is challenging not respondent's CDP procedures but rather the underlying tax liability. He may do so only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). However, respondent has provided ample documentary proof--a U.S. Postal Service Facsimile PS Form 3877 postmarked December 23, 2013, and tracking information--showing that he mailed the notice of deficiency to petitioner by certified mail on the date indicated in the notice. See, e.g., Kamps v. Commissioner, T.C. Memo. 2011-287, 2011 WL 6220044, at \*3 ("A Form 3877 creates a presumption of mailing absent evidence to the contrary."). Petitioner does not contend that he did not receive the notice of deficiency, and in the absence of any contrary evidence, we conclude that the notice of deficiency was mailed to and received by petitioner. This being the case, the law is clear that petitioner may not challenge the existence or amount of the underlying tax liability for the 2011 taxable year. See sec. 6330(c)(2)(B).

[*18] The proper method for petitioner to challenge the taxability of his Army pension would have been by a petition to this Court within 90 days of the mailing of the notice of deficiency, see sec. 6213(a), that is, by March 24, 2014. Unfortunately he did not avail himself of that option at the time, thereby precluding him from contesting his liability for the underlying tax before the IRS Office of Appeals in a CDP proceeding and thus before this Court. See Goza v. Commissioner, 114 T.C. at 182-183. Accordingly, we can review respondent's determination sustaining the FNIL only for abuse of discretion.

We agree with respondent that he did not abuse his discretion. Respondent's case activity record shows that SO Padua scrupulously documented her review of petitioner's case and her correspondence and conversation with petitioner. The evidence and the notice of determination itself demonstrate that SO Padua (1) properly verified that the requirements of any applicable law or administrative procedure were met, (2) considered all relevant issues petitioner raised, and (3) considered whether the proposed collection action balanced the need for efficient collection of taxes with petitioner's legitimate concern that the action be no more intrusive than necessary. See sec. 6330(c)(3).

Furthermore, respondent's determination that petitioner is not entitled to a collection alternative was not an abuse of discretion because petitioner did not

[*19] request one and did not provide a completed Form 433-A or supporting financial information during the CDP proceeding, nor was he in compliance with Federal tax laws, having not filed income tax returns for the 2009 through 2014 taxable years. See, e.g., Coleman v. Commissioner, T.C. Memo. 2010-51, 2010 WL 985291, at *4 ("This Court has consistently held, as have other courts, that a determination that a taxpayer is not entitled to a collection alternative does not constitute an abuse of discretion if the taxpayer did not provide financial information during the administrative hearing and was not currently in compliance with Federal tax laws, i.e., had not filed all required tax returns."); see also sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. ("[T]he IRS does not consider offers to compromise from taxpayers who have not filed required returns or have not made certain required deposits of tax[.]").

On the basis of the record in this case, we can find no procedural or substantive defect in respondent's determination to sustain the NFIL. SO Padua and the IRS Office of Appeals did not act arbitrarily, capriciously, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. at 23. Indeed, petitioner did not assert any abuse of discretion in his petition, cf. Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."), and in his response to respondent's motion for summary judgment

**[\*20]** readily conceded that respondent strictly complied with CDP procedures.
Petitioner's only argument is that the underlying tax liability is incorrect, and this
is an argument that we are unable to consider in a CDP case where the taxpayer
received a notice of deficiency. Accordingly, we conclude that respondent did not
abuse his discretion in sustaining the NFIL.

Because there is no genuine dispute as to any material fact, see Rule 121(b),
we agree with respondent that a decision may be rendered as a matter of law. We
therefore will grant respondent's motion for summary judgment and sustain
respondent's collection action.

VI. Conclusion

We have determined as a matter of law that respondent did not abuse his
discretion in sustaining the FNIL in this case and thus is entitled to summary
adjudication on that point. Petitioner sought to challenge the underlying tax
liability, but the time to have done so passed when he did not timely petition this
Court for redetermination of his deficiency. We do not have general equitable
jurisdiction, Commissioner v. McCoy, 484 U.S. 3, 7 (1987), and cannot use any
equitable power to expand our statutorily prescribed jurisdiction, Bokum v.
Commissioner, 992 F.2d 1136, 1140 (11th Cir. 1993), aff'g T.C. Memo. 1990-21.
We would have had jurisdiction over petitioner's underlying tax liability had he

**[*21]** petitioned us within 90 days of the issuance of the notice of deficiency on December 23, 2013.  See sec. 6213(a).  But he did not do so, and we no longer have the power to adjudicate his substantive claim.  Indeed, at this point no court has the power to enjoin the collection of the tax respondent determined to be due. See Anti-Injunction Act, sec. 7421(a); Mathes v. United States, 901 F.2d 1031, 1033 (11th Cir. 1990) (holding that equity cannot overcome the Anti-Injunction Act where the taxpayer had an adequate legal remedy available to him in the form of a Tax Court petition and did not timely avail himself of it).

Petitioner, however, is not entirely without remedy.  He may pay the full amount assessed by the Government and submit a claim for refund or credit.  See secs. 6402(a), 6511; Flora v. United States, 357 U.S. 63, 75 (1958).  If the claim is denied, then petitioner may sue for refund, see secs. 7422(a), 6532(a)(1), in Federal District Court or the U.S. Court of Federal Claims, 28 U.S.C. secs. 1346(a)(1), 1491(a)(1) (2012).

We have considered all of the parties' arguments, and to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

[*22]  To reflect the foregoing and petitioner's concession,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.